**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
CIVIL MINUTES--GENERAL

**Case No.:** CV 09-1385-FMC(CTx)                **Date:** December 8, 2009

**Title:** <u>MRINMOYEE DUTTA v. EXPERIAN INFORMATION SOLUTIONS, INC., et al.</u>

===================================================================
**DOCKET ENTRY:**
===================================================================
**PRESENT:**          Hon. <u>CAROLYN TURCHIN</u>, MAGISTRATE JUDGE

<u>Deborah Malone</u>                    _____
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
        None present                              None present

**PROCEEDINGS:**   (DENYING PARTIES' REQUEST TO SIGN STIPULATED
                PROTECTIVE ORDER WITHOUT PREJUDICE)

  The parties' request for the court to sign a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1.  Confidential material should be *narrowly and specifically defined* and supported by good cause for purposes of a protective order sought from the court. <u>See</u> Fed. R. Civ. P. 26(c); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); <u>see also</u> <u>Seattle Times v. Rhinehart</u>, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

    So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any documents covered by a protective order, a proposed order should identify the <u>specific</u> materials, categories, or portions of materials to be deemed confidential in a meaningful fashion (e.g., "business plans," "customer identities," or "market surveys") and indicate what prejudice or harm will result if no protection is granted for those particular documents or information. It is not sufficient to use conclusory terms such as "confidential business and financial information" or "trade secrets."

The stipulated protective order presented to the court, which purports to protect "all documents, testimony, transcripts or other materials in this action produced by any party or non-party" is overly broad. (See Stipulated Protective Order ("Stip.") ¶ 12.)

2. In seeking to file confidential information under seal pursuant to Central District Local Rule 79-5.1, a party should seek to file *only* the confidential portions of such documents under seal. (See Stip. ¶ 3.) In any such application, the parties must make the appropriate showing. See <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Any application to file documents under seal in proceedings before the district judge should be made to the district judge.

3. A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order could be read to cover, for example, pre-trial and post-judgment matters. If the parties wish to have a broader protective order that covers matters beyond discovery, which it appears they may have been seeking to do, (see, e.g., Stip. at Introduction; ¶¶ 1, 3, 9, 12; Declaration of Compliance ¶ 9), they may submit a request for a proposed stipulated protective order to the district judge. The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they **clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge*** so the request will not be routed to the magistrate judge.

In general, once a case proceeds to trial, all information designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

The parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting confidential information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.**

**IT IS SO ORDERED.**

cc: Judge Cooper

Angele Motlagh, Esq.
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Brennan Wiener and Associates
3150 Montrose Ave.
La Crescenta, CA 91214
John A. Graham, Esq.
Jeffer Mangels Butler & Marmaro
1900 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-5010

**MINUTES FORM 11**                                   Initials of Deputy Clerk_____
**CIVIL-GEN**